IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

FRITZ ARTZ SPRINGMEIER,

        Defendant.

CR 02-24-RE
CV 05-1537-RE

OPINION AND ORDER

Karin J. Immergut
United States Attorney
Frank Noonan
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorney for Plaintiff

Michael R. Levine
400 S.W. 6th Avenue, Suite 600
Portland, Oregon  97204

J.M. Irigoyen
2131 Amador
Fresno, California  93721

    Attorneys for Defendant

1 -    OPINION AND ORDER

REDDEN, Judge:

The matter before the court is defendant Springmeier's motion to set aside his conviction and sentence under 28 U.S.C. § 2255.

On February 12, 2003, a jury found defendant guilty of armed bank robbery and of aiding and abetting in the use of a firearm during that robbery. On March 21, 2003, I denied defendant's post-verdict motion for acquittal. On November 14, 2003, I sentenced defendant to 51 months of imprisonment on the bank robbery count and to 60 months on the firearms count, to run consecutively to the bank robbery count.

On November 8, 2004, defendant's conviction was affirmed on direct appeal to the Ninth Circuit Court on Appeals in an unpublished disposition. On October 3, 2005, defendant filed this 2255 motion.

Defendant has procedurally defaulted on most of the claims he attempts to bring in his 2255 motion, which claims he failed to raise at trial or on direct appeal:

> Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

United States v. Frady, 102 S.Ct. 1584, 1594 (1982). See also Abatino v. United States, 750 F.2d 1442, 1445 (9th Cir. 1985).

Defendant has not demonstrated the "cause" and "actual prejudice" necessary to excuse the defaults as to the following collateral relief to which he claims entitlement:

1. Defendant argues the jury's verdict was inconsistent in finding him guilty of both armed and unarmed bank robbery. Verdicts need not be consistent. Dunn v. United States, 284 U.S. 390, 393 (1932). I agree with the government that, because defendant was only sentenced on the armed bank robbery charge, the lesser conviction of unarmed bank robbery merged. Dulval v. United States, 556 F.Supp. 24 (E.D. N.Y. 1981). Defendant failed to raise this issue at trial or on direct appeal.

2 -    OPINION AND ORDER

2.  <u>Defendant argues there was no evidence that the bank was insured by the Federal Deposit Insurance Corporation (FDIC) and the jury instructions in that regard were not appropriate</u>. There was evidence in the form of testimony from a bank employee that the bank was FDIC insured. There was also a stipulation from co-defendant Bateman that he committed the bank robbery. The stipulation was intended to cover the elements of the offense stipulated to. The jury was entitled to rely on the stipulation without any court instruction on any of the specific elements of the subject of the stipulation, including FDIC insurance. Defendant failed to raise this claim at trial or on direct appeal.

3.  <u>Defendant argues he did not voluntarily enter into the stipulation used to prove the bank was robbed</u>. The stipulation was part of defendant's trial strategy, that is, to admit to the bank robbery and then insulate himself by claiming he did not aid or abet in the robbery or the use of a firearm. Defendant failed to raise this claim at trial or on direct appeal.

4.  <u>Defendant argues that inadmissible hearsay evidence was permitted at trial</u>. The statements that are defendant's focus were those of his co-defendant, who was not available as a witness at trial. At trial, I concluded the statements were admissible under Rule 804(b)(3) as statements against interest. A direct appeal is the forum to challenge the correctness of my ruling. Defendant did not raise this issue on direct appeal.

5.  <u>Defendant argues his trial counsel was ineffective</u> in failing to raise grounds 1 through 4 above, in failing to request a limiting instruction on co-defendant's guilty plea, and in failing to allow defendant to testify. As discussed above, grounds 1 through 4 are without merit and procedurally defaulted. Defendant's issue with a limiting instruction is moot; I have already concluded the stipulation was proper and a reasonable trial strategy. A waiver of the right to testify may be presumed from a defendant's conduct and a silent record. <u>United States v. Martinez</u>, 883 F.2d 750, 757 (9th Cir. 1989). All these issues are procedurally defaulted because defendant failed to raise them on direct appeal. Defendant's claim that his trial counsel provided ineffective assistance is without merit.

3 -    OPINION AND ORDER

Finally, defendant argues his appellate counsel was ineffective in failing to raise the issues already discussed in this opinion. Several of those issues were already procedurally defaulted before the appeal for failure to raise at trial. As discussed above, none of the issues has legal merit. A failure to raise untenable issues on appeal does not fall below the Strickland v. Washington, 466 U.S. 668 (1984), standard for determining whether counsel has been ineffective. Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002).

Defendant also claims he received ineffective assistance of appellate counsel because his counsel did not raise "the Blakely/Booker errors, all of which were apparent on the face of the record." Def. Petition, p. 6. I disagree. On November 14, 2003, I sentenced defendant to 51 months' imprisonment for the bank robbery and 60 months for the firearms charge, to be served consecutively. The 51-month sentence was the high end of the 41-51 month sentencing guideline range and the 60-month sentence was the mandatory sentence required. I imposed no enhancements. Thus, neither Blakely v. Washington nor United States v. Booker have any application to defendant's case.

Defendant's claim that his appellate counsel provided ineffective assistance on these issues is without merit.

## Conclusion

For the reasons discussed above, defendant's motion (doc. 162) to vacate and set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

Dated this 1st day of March, 2006.

    /S/ James A. Redden
James A. Redden
Senior U.S. District Judge